1   **BLUMENTHAL, NORDREHAUG & BHOWMIK**
    Norman B. Blumenthal (State Bar #068687)
2   Kyle R. Nordrehaug (State Bar #205975)
    Aparajit Bhowmik (State Bar #248066)
3   2255 Calle Clara
    La Jolla, CA 92037
4   Telephone: (858)551-1223
    Facsimile: (858) 551-1232
5   Firmsite: www.bamlawca.com

6

7   Attorneys for Plaintiff

8

9

10              **UNITED STATES DISTRICT COURT**

11            **SOUTHERN DISTRICT OF CALIFORNIA**

12

13

14  ULYSSES ABURTO, an individual, on        CASE No. __**'11 CV 0088 JLS  JMA**__
    behalf of himself, and on behalf of all
15  persons similarly situated,              <u>CLASS ACTION</u> COMPLAINT FOR:

16                                           1. UNFAIR COMPETITION IN
                   Plaintiff,                VIOLATION OF CAL. BUS. & PROF.
17                                           CODE § 17200 *et seq*.;
    vs.                                      2. FAILURE TO PAY OVERTIME
18                                           COMPENSATION IN VIOLATION OF
    VERIZON CALIFORNIA INC.,                 CAL. LAB. CODE §§ 510, 515.5, 551, 552,
19                                           1194 AND 1198, *et seq*.;
                                             3. FAILURE TO PROVIDE ACCURATE
20                 Defendant.                ITEMIZED STATEMENTS IN
                                             VIOLATION OF CAL. LAB. CODE §
21                                           226; and,
                                             4. FAILURE TO PAY OVERTIME
22                                           COMPENSATION IN VIOLATION OF 29
                                             U.S.C. §§ 201, *et seq.*
23
                                             **DEMAND FOR A JURY TRIAL**
24

25

26

27

28

Plaintiff Ulysses Aburto ("PLAINTIFF"), on behalf of himself and all other similarly situated current and former employees, allege on information and belief, except for his own acts and knowledge, the following:

## THE PARTIES

1.      Verizon California Inc. was founded in 1929 and is based and headquartered in Philadelphia, Pennsylvania.  At all relevant times mentioned herein, VERIZON conducted and continues to conduct substantial and regular business throughout California.

2.      Verizon California Inc. provides domestic wireline telecommunications services to residential and business consumers located within California, Nevada, and Arizona.  Verizon California Inc. hereinafter also referred to as "VERIZON" or "DEFENDANT" offers exchange telecommunication services for the transmission of telecommunications among customers located within a local calling area.  Primarily known as a provider of mobile phone service, VERIZON is now offering alternative forms of phone service, including local and long distance, using traditional fiber-optic cables.  Such cables can also carry Internet signals which now allows VERIZON to offer broadband access as well.  With the mention of cables comes the thought of television, and VERIZON is now pursing avenues in that realm to offer video, data, and television services which appears to be coming at the expense of cable providers.  All of these new efforts are part of VERIZON's FiOS effort, which is a telecom service offered over fiber-optic lines exclusively by VERIZON.

3.      To successfully compete against the cable providers, VERIZON substantially reduced its labor costs and consequently placed the burden on a smaller number of employees to "get the job done."  An employer's obligation to pay its employees wages is more than a matter of private concern between the parties.  That obligation is founded on a compelling public policy judgment that employees are entitled to work a livable number of hours at a livable wage.  In addition, statutes and regulations that compel employers to pay overtime relate to fundamental issues of social welfare worthy of protection.  The

1  requirement to pay overtime wages extends beyond the benefits individual workers receive

2  because overtime wages discourage employers from concentrating work in a few

3  overburdened hands and encourage employers to instead hire additional employees.

4  Especially in today's economic climate, the importance of spreading available work to

5  reduce unemployment cannot be overestimated.

6      4.    As part of VERIZON's business, DEFENDANT employs a fleet of so called

7  "First Level Managers," "Local Managers" and/or "Field Managers" whose primary job duty

8  is merely relaying information back and forth between the technicians and management.

9  Field Managers are primarily engaged in a core, day-to-day business activity of VERIZON

10 to relay information back and forth between the technicians and management acting as

11 information liaisons between the parties.  In addition, these employees are also engaged in

12 clerical tasks, paperwork, and performing safety and quality inspections (spot checks) with a

13 detailed checklist provided by DEFENDANT.

14     5.    To perform their job duties, the Field Mangers do not engage in a

15 supervisory role given the constraints placed upon them by company policy.  Field

16 Managers did not determine what work was to be done by the technicians or in what time

17 frame.  Work assignments were generated by computer and given to the technicians by

18 DEFENDANT.  Instead, the Field Managers only retained a minor role in readjusting work

19 assignments in accordance with DEFENDANT's strict, uniform corporate guidelines.

20 Furthermore, the Field Managers performed required safety and quality inspections of the

21 technicians in the field using a pre-written checklist.  These inspections do not involve

22 subjective assignments, but only discrete yes-or-no answers and the Field Managers were

23 not involved in writing or altering the checklists.  In addition, the circumstances of these job

24 duties required that the Field Managers regularly remained on-call during off hours in the

25 evenings and on weekends.  Field Managers also did not have a distinct role in training the

26 technicians or determining what training they were to receive.  Technicians received their

27 primary training from DEFENDANT's training center as well as online computer programs.

28 Field Managers also did not determine the tools and equipment to be used on the job.

1   Materials were either provided directly by DEFENDANT or the Field Managers were

2   instructed from upper management what items to order from suppliers subject to

3   DEFENDANT's approval.  Lastly, the Field Mangers did not have the authority to hire, fire,

4   or promote technicians, determine their pay rates or benefits, or give raises – they were

5   unable to make employment-related, personnel decisions.  Consequently, the Field Managers

6   did not have the authority to decide whether or not a technician could be disciplined for an

7   infraction.  Disciplinary decisions were made by the Human Resources department or

8   dictated by company policies, including the technicians' collective bargaining agreement.

9   Overall, the Field Managers' recommendations are given little, if any, weight on all the

10  above issues.  As a result, the Field Managers are engaged in a type of work that requires no

11  exercise of independent judgment or discretion as to any matter of significance.  Therefore,

12  the PLAINTIFF and all the other Field Managers are "managers" in name only because they

13  do not have managerial duties or authority and should therefore have been properly

14  classified as non-exempt employees.  These employees, collectively, all are referred to

15  herein as "Field Managers."  This Action is brought on behalf of the PLAINTIFF and all

16  those employees of DEFENDANT (the "CALIFORNIA CLASS") in California who worked

17  for DEFENDANT as a Field Manager during the CLASS PERIOD ("CLASS" or "Class

18  Members").

19        6.      Plaintiff Ulysses Aburto ("PLAINTIFF") was employed by DEFENDANT in

20  California as a Technician III from February 2009 to June 2000, Equipment Maintainer from

21  June 2000 to Marckh 2003, Central Office Equipment Maintainer from March 2003 to June

22  2005, and a First Level Manager or Field Manager from June 2005 to February 2009.

23        7.      The position of Field Manager was represented by DEFENDANT to the

24  PLAINTIFF and the other Field Managers as an exempt and salaried position.

25        8.      For DEFENDANT's business, the Class Members functioned as working

26  members in DEFENDANT's California FiOS division.  As defined by DEFENDANT's

27  comprehensive corporate policies and procedures, the primary job duty of the Class

28  Members employed by VERIZON was and is to relay information back and forth between

1  the technicians and management in accordance with DEFENDANT's established specific

2  procedures and protocols which govern and control every aspect of the work performed by

3  the Field Managers.  These standardized procedures mirror the realities of the workplace

4  evidencing a uniformity of work among the Field Managers and negate any exercise of

5  independent judgment and discretion as to any matter of significance.

6      9.   The work schedule for Field Managers was set by DEFENDANT.  Generally,

7  the Class Members work twelve (12) to fourteen (14) hours each workday and twenty (20)

8  to forty (40) hours of overtime each workweek.

9      10.   DEFENDANT has not established an alternative workweek election for Field

10  Managers for twelve (12) to fourteen (14) hour workdays.

11     11.   PLAINTIFF and the other Field Managers were not provided with overtime

12  compensation and other benefits required by law as a result of being classified as "exempt"

13  by DEFENDANT.

14     12.   PLAINTIFF brings this Class Action on behalf of himself and a California

15  Class consisting of all those employees who are or previously were employed by Defendant

16  Verizon California Inc. as a Field Manager in California (the "CALIFORNIA CLASS")

17  during the period beginning on the date four (4) years before the filing of this Action and

18  ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").

19     13.   As a matter of company policy, practice, and procedure, DEFENDANT has

20  unlawfully, unfairly and/or deceptively classified every Field Manager as exempt based on

21  job title alone, failed to pay the required overtime compensation and otherwise failed to

22  comply with all applicable labor laws with respect to these Field Managers.

23     14.   The agents, servants, and/or employees of DEFENDANT and each of them

24  acting on behalf of DEFENDANT acted within the course and scope of his, her or its

25  authority as the agent, servant, and/or employee of DEFENDANT, and personally

26  participated in the conduct alleged herein on behalf of DEFENDANT with respect to the

27  conduct alleged herein.  Consequently, DEFENDANT is jointly and severally liable to the

28  PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as

1    a proximate result of the conduct of DEFENDANT's agents, servants, and/or employees.

2

3                                    THE CONDUCT

4         15.    The primary duty required of the Field Managers as defined by DEFENDANT

5    is executed by the Field Managers through the performance of non-exempt labor within a

6    defined skill set.

7         16.    Although the PLAINTIFF and the other Field Managers primarily performed

8    non-exempt labor, DEFENDANT instituted a blanket classification policy, practice and

9    procedure by which all of these Field Managers were classified as exempt from overtime

10   compensation, meal breaks and rest breaks.  By reason of this uniform exemption practice,

11   policy and procedure applicable to the PLAINTIFF and the other Field Managers who

12   performed this non-exempt labor, DEFENDANT committed acts of unfair competition in

13   violation of the California Unfair Competition law, Cal. Bus. & Prof. Code § 17200 (the

14   "UCL"), by engaging in a company-wide policy, practice and procedure which failed to

15   properly classify the PLAINTIFF and the other Field Managers and thereby failed to pay

16   them overtime wages for documented overtime hours worked and provide them with all

17   legally required meal and rest breaks.  The proper classification of these employees is

18   DEFENDANT's burden.  As a result of DEFENDANT's intentional disregard of the

19   obligation to meet this burden, DEFENDANT failed to pay all required overtime

20   compensation for work performed by the members of the CALIFORNIA CLASS and

21   violated the California Labor Code and regulations promulgated thereunder as herein

22   alleged.  In addition, DEFENDANT failed to provide all of the legally required meal and

23   rest breaks to the PLAINTIFF and the other Field Managers as required by the applicable

24   Wage Order and Labor Code.  During the CLASS PERIOD, DEFENDANT did not have a

25   policy or practice which provided meal and rest breaks to the PLAINTIFF and the other

26   Field Managers.  As a result, DEFENDANT's failure to provide the PLAINTIFF and the

27   CALIFORNIA CLASS with all legally required meal and rest breaks is evidenced by

28   DEFENDANT's business records which contain no record of these breaks.

17.     DEFENDANT, as a matter of law, has the burden of proving that (a) employees are properly classified as exempt and that (b) DEFENDANT otherwise complies with applicable laws.  Other than the initial classification of the PLAINTIFF and the other Field Managers as exempt from being paid overtime based on job title alone, DEFENDANT had no business policy, practice, or procedure to ensure that the PLAINTIFF and the other Field Managers were properly classified as exempt, and in fact, as a matter of corporate policy erroneously and unilaterally classified all the Class Members as exempt based on job title alone.

18.     During their employment with DEFENDANT, the PLAINTIFF and the other Field Managers, primarily performed non-exempt job duties, but were nevertheless classified by DEFENDANT as exempt from overtime pay and worked more than eight (8) hours a day, forty (40) hours a week, and/or on the seventh (7th) consecutive day of a workweek.

19.     PLAINTIFF and the other Field Managers employed by DEFENDANT were not primarily engaged in work of a type that was or now is directly related to the management or general business operations of the employer's customers, when giving these words a fair but narrow construction.  PLAINTIFF and the other Field Managers employed by DEFENDANT were also not primarily engaged in work of a type that was or now is performed at the level of the policy or management of DEFENDANT.  PLAINTIFF and the other Field Managers employed by DEFENDANT were also not primarily engaged in work requiring knowledge of an advanced type in a field or science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, but rather their work primarily involves the performance of routine mental, manual, and/or physical processes.  PLAINTIFF and the other Field Managers employed by DEFENDANT were also not primarily engaged in work that is predominantly intellectual and varied in character, but rather is routine mental, manual, mechanical, and/or physical work that is of such character that the output produced or the result accomplished can be standardized in relation to a given period of time.  The work of a Field Manager of DEFENDANT was work

1  wherein the PLAINTIFF and the members of the CALIFORNIA CLASS were primarily

2  engaged in the day-to-day business of VERIZON to relay information back and forth

3  between the technicians and management acting as information liaisons between the parties

4  in strict accordance with the protocols, policies and operations established by

5  DEFENDANT.

6       20.     The fact that the work of these employees may have involved work using a

7  specialized skill set or technical abilities in a defined technical area does not mean that the

8  PLAINTIFF or the other Field Managers employed by DEFENDANT are exempt from

9  overtime wages.  Indeed, the exercise of discretion and independent judgment must be more

10  than the use of a highly technical skill set described in a manual or other sources.  The work

11  that the PLAINTIFF and the other Field Managers employed by DEFENDANT was and are

12  primarily engaged in performing day-to-day communication and clerical activities is the

13  work that is required to be performed as part of the day-to-day-business activity of

14  DEFENDANT.  As a result, the PLAINTIFF and the other Field Managers employed by

15  DEFENDANT were primarily engaged in work that falls on the production or the non-

16  exempt administrative sale side of the administrative/production worker dichotomy and

17  should have been properly classified as non-exempt employees.

18       21.     The primary job duty of the PLAINTIFF and the other Field Managers

19  employed by DEFENDANT was and is relaying information back and forth between the

20  technicians and management.  Field Managers are classified as exempt from California

21  overtime and related laws by DEFENDANT, however, these employees do not have

22  managerial duties or authority and are therefore managers in name only.  Field Managers

23  perform these ongoing day-to-day communication and clerical activities because they have a

24  minimal role in supervising their technicians and have no authority to make employment-

25  related decisions.  Furthermore, the Field Managers are tightly controlled by company

26  policy and by their supervisors, do no exercise discretion or independent judgment as to

27  matters of significance, and their job duties are not directly related to DEFENDANT's

28  management policies or general business operation.

22.     PLAINTIFF and all members of the CALIFORNIA CLASS are and were uniformly classified and treated by DEFENDANT as exempt at the time of hire and thereafter, DEFENDANT failed to take the proper steps to determine whether the PLAINTIFF, and the members of the CALIFORNIA CLASS, were properly classified under the applicable Industrial Welfare Commission Wage Order (Wage Order 4-2001) and Cal. Lab. Code §§ 510, *et seq*. as exempt from applicable California labor laws.  Since DEFENDANT affirmatively and wilfully misclassified the PLAINTIFF and the members of the CALIFORNIA CLASS in compliance with California labor laws, DEFENDANT's practices violated and continue to violate California law.  In addition, DEFENDANT acted deceptively by falsely and fraudulently telling the PLAINTIFF and each member of the CALIFORNIA CLASS that they were exempt from overtime pay when DEFENDANT knew or should have known that this statement was false and not based on known facts. DEFENDANT also acted unfairly by violating the California labor laws, and as a result of this policy and practice, DEFENDANT also violated the UCL.  In doing so, DEFENDANT cheated the competition by paying the CALIFORNIA CLASS less than the amount competitors paid who complied with the law and cheated the CALIFORNIA CLASS by not paying them in accordance with California law.

23.     DEFENDANT also failed to provide and still fails to provide the PLAINTIFF and the other Field Managers with a wage statement in writing that accurately sets forth gross wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the PLAINTIFF and the other Field Managers.  This conduct violates California Labor Code § 226.  The pay stub also does not accurately display anywhere the PLAINTIFF's and the other Field Managers' overtime hours and applicable rates of overtime pay for the pay period.

24.     By reason of this uniform conduct applicable to the PLAINTIFF and all the CALIFORNIA CLASS members, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition law, Cal. Bus. & Prof. Code § 17200 (the "UCL"), by engaging in a company-wide policy and procedure which failed to correctly

1  classify the PLAINTIFF and the CALIFORNIA CLASS of Field Managers as non-exempt.

2  The proper classification of these employees is DEFENDANT's burden.  As a result of

3  DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT

4  failed to properly calculate and/or pay all required overtime compensation for work

5  performed by the members of the CALIFORNIA CLASS and violated the applicable Wage

6  Order, the California Labor Code and the regulations promulgated thereunder as herein

7  alleged.

8

9                    **THE UCL REMEDIES**

10      25.      As a result of DEFENDANT's UCL violation, the PLAINTIFF, on behalf

11  of himself and the CALIFORNIA CLASS, seeks restitutionary disgorgement of

12  DEFENDANT's ill-gotten gains into a fluid fund in order to provide restitution of all the

13  money that DEFENDANT was required by law to pay, but failed to pay, to the PLAINTIFF

14  and all the other CALIFORNIA CLASS members.  PLAINTIFF also seeks all other relief

15  available to him and the other Field Managers located in California under California law.

16  PLAINTIFF also seeks declaratory relief finding that the employment practices and policies

17  of DEFENDANT violate California law.

18

19                    **THE CALIFORNIA CLASS**

20      26.      PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and

21  Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200 *et seq*. (the

22  "UCL") as a Class Action, pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), on behalf of a

23  California Class, defined as all employees who are or previously were employed by

24  Defendant Verizon California Inc. as a Field Manager as hereinabove defined in California

25  during the period beginning on the date four (4) years before the filing of this Action and

26  ending on the date as determined by the Court ("CALIFORNIA CLASS").

27      27.      To the extent equitable tolling operates to toll claims by the CALIFORNIA

28  CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted

1  accordingly.

2      28.    DEFENDANT,  as a matter of corporate policy, practice and procedure, and in

3  violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage

4  Order Requirements, and the applicable provisions of California law, intentionally,

5  knowingly, and wilfully, engaged in a practice whereby DEFENDANT unfairly, unlawfully,

6  and deceptively instituted a practice to ensure that the employees employed in a Field

7  Manager position were not properly classified as non-exempt from the requirements of

8  California Labor Code §§ 510, *et seq*.

9      29.    DEFENDANT has the burden of proof that each and every employee is

10  properly classified as exempt from the requirements of the Cal. Lab. Code §§ 510, *et seq*.

11  DEFENDANT, however, as a matter of uniform and systematic policy and procedure had in

12  place during the CALIFORNIA CLASS PERIOD and still has in place a policy and practice

13  that misclassifies the CALIFORNIA CLASS members as exempt.  DEFENDANT's uniform

14  policy and practice in place at all times during the CALIFORNIA CLASS PERIOD and

15  currently in place is to systematically classify each and every CALIFORNIA CLASS

16  member as exempt from the requirements of the California Labor Code §§ 510, *et seq*.  This

17  common business practice applicable to each and every CALIFORNIA CLASS member can

18  be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal.

19  Business & Professions Code §17200 *et seq*. (the "UCL") as causation, damages, and

20  reliance are not elements of this claim.

21      30.    At no time before, during or after the PLAINTIFF's employment with

22  DEFENDANT was any Field Manager reclassified as non-exempt from the applicable

23  requirements of California Labor Code §§ 510, *et seq*. after each CALIFORNIA CLASS

24  member was initially, uniformly, and systematically classified as exempt upon being hired.

25      31.    Any individual declarations of any employees offered at this time purporting

26  to indicate that one or more Field Manager may have been properly classified is of no force

27  or affect absent contemporaneous evidence that DEFENDANT's uniform system did not

28  misclassify the PLAINTIFF and the other Field Managers as exempt pursuant to Cal. Lab.

1   Code §§ 510, *et seq*.  Absent proof of such a contemporaneous system, DEFENDANT's

2   business practice is uniformly unlawful, unfair and/or deceptive under the UCL and may be

3   so adjudicated on a class-wide basis.  As a result of the UCL violations, the PLAINTIFF and

4   the CALIFORNIA CLASS members are entitled to compel DEFENDANT to provide

5   restitutionary disgorgement of  their ill-gotten gains into a fluid fund in order to restitute

6   these funds to the PLAINTIFF and the CALIFORNIA CLASS members according to proof.

7        32.     The CALIFORNIA CLASS is so numerous that joinder of all Field Managers

8   is impracticable.

9        33.     Common questions of law and fact exist as to members of the CALIFORNIA

10  CLASS, including, but not limited, to the following:

11              (a)     Violating the California Unfair Competition laws, Cal. Bus. & Prof.

12                      Code § 17200 *et seq*. (the "UCL"), by unlawfully, unfairly and/or

13                      deceptively having in place company policies, practices and procedures

14                      that uniformly misclassified the PLAINTIFF and the members of the

15                      CALIFORNIA CLASS as exempt;

16              (b)     Committing an act of unfair competition in violation of the UCL, by

17                      unlawfully, unfairly, and/or deceptively failing to have in place a

18                      company policy, practice and procedure that accurately determined the

19                      amount of working time spent by the PLAINTIFF and the members of

20                      the CALIFORNIA CLASS performing non-exempt labor;

21              (c)     Committing an act of unfair competition in violation of the UCL, by

22                      having in place a company policy, practice and procedure that failed to

23                      reclassify as non-exempt those members of the CALIFORNIA CLASS

24                      whose actual job duties are primarily comprised of non-exempt job

25                      functions;

26              (d)     Committing an act of unfair competition in violation of the UCL, by

27                      violating Cal. Lab. Code §§ 510, *et seq*., by failing to pay the correct

28                      overtime pay to the PLAINTIFF and the members of the

1  CALIFORNIA CLASS who were improperly classified as exempt, and
2  retaining the unpaid overtime to the benefit of DEFENDANT;

3  (e)  Committing an act of unfair competition in violation of the UCL, by
4  failing to provide all mandatory meal and/or rest periods to the
5  PLAINTIFF and the Class Members;

6  (f)  Committing an act of unfair competition in violation of the UCL, by
7  violating Cal. Lab. Code § 226, by failing to provide the PLAINTIFF
8  and the members of the CALIFORNIA CLASS with an accurate
9  itemized statement in writing showing the gross wages earned, the net
10  wages earned, all applicable hourly rates in effect during the pay period
11  and the corresponding number of hours worked at each hourly rate by
12  the employee; and,

13  (g)  Committing an act of unfair competition in violation of the UCL, by
14  violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et*
15  *seq*., by failing to pay the correct overtime wages to the PLAINTIFF
16  and the members of the CALIFORNIA CLASS who were improperly
17  classified as exempt as legally required by the FLSA, and retaining the
18  unpaid overtime to the benefit of DEFENDANT.

19  34.  This Class Action meets the statutory prerequisites for the maintenance of a
20  Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

21  (a)  The persons who comprise the CALIFORNIA CLASS are so numerous
22  that the joinder of all such persons is impracticable and the disposition
23  of their claims as a class will benefit the parties and the Court;

24  (b)  Nearly all factual, legal, statutory, and declaratory relief issues that are
25  raised in this Complaint are common to the CALIFORNIA CLASS will
26  apply uniformly to every member of the CALIFORNIA CLASS;

27  (c)  The claims of the representative PLAINTIFF are typical of the claims
28  of each member of the CALIFORNIA CLASS.  PLAINTIFF, like all

the other members of the CALIFORNIA CLASS, was initially classified as exempt upon hiring based on the defined corporate policies and practices and labored under DEFENDANT's systematic procedure that failed to properly classify the PLAINTIFF and the members of the CALIFORNIA CLASS.  PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT by deceptively advising all Field Managers that they were exempt from overtime wages based on the defined corporate policies and practices, and unfairly failing to pay overtime to these employees who were improperly classified as exempt; and,

(d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and have retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate.  Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all employees in the CALIFORNIA CLASS.

35.     In addition to meeting the statutory prerequisites to a Class Action, this Action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)     Without class certification and determination of declaratory, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1       1)  Inconsistent or varying adjudications with respect to individual

2          members of the CALIFORNIA CLASS which would establish

3          incompatible standards of conduct for the parties opposing the

4          CALIFORNIA CLASS; and/or,

5       2)  Adjudication with respect to individual members of the

6          CALIFORNIA CLASS which would as a practical matter be

7          dispositive of interests of the other members not party to the

8          adjudication or substantially impair or impede their ability to

9          protect their interests.

10    (b)  The parties opposing the CALIFORNIA CLASS have acted or refused

11      to act on grounds generally applicable to the CALIFORNIA CLASS,

12      making appropriate class-wide relief with respect to the CALIFORNIA

13      CLASS as a whole in that DEFENDANT uniformly classified and

14      treated the Field Managers as exempt and, thereafter, uniformly failed

15      to take proper steps to determine whether the Field Managers were

16      properly classified as exempt, and thereby denied these employees

17      overtime wages as required by law;

18      1)  With respect to the First Cause of Action, the final relief on

19          behalf of the CALIFORNIA CLASS sought does not relate

20          exclusively to restitution because through this claim the

21          PLAINTIFF seeks declaratory relief holding that

22          DEFENDANT's policy and practices constitute unfair

23          competition, along with incidental equitable relief as may be

24          necessary to remedy the conduct declared to constitute unfair

25          competition;

26    (c)  Common questions of law and fact exist as to the members of the

27      CALIFORNIA CLASS, with respect to the practices and violations of

28      California law as listed above, and predominate over any question

1  affecting only individual members, and a Class Action is superior to
2  other available methods for the fair and efficient adjudication of the
3  controversy, including consideration of:

4  1)  The interests of the members of the CALIFORNIA CLASS in
5  individually controlling the prosecution or defense of separate
6  actions in that the substantial expense of individual actions will
7  be avoided to recover the relatively small amount of economic
8  losses sustained by the individual CALIFORNIA CLASS
9  members when compared to the substantial expense and burden
10  of individual prosecution of this litigation;

11  2)  Class certification will obviate the need for unduly duplicative
12  litigation that would create the risk of:

13  A.  Inconsistent or varying adjudications with respect to
14  individual members of the CALIFORNIA CLASS, which
15  would establish incompatible standards of conduct for
16  DEFENDANT; and/or,

17  B.  Adjudications with respect to individual members of the
18  CALIFORNIA CLASS would as a practical matter be
19  dispositive of the interests of the other members not
20  parties to the adjudication or substantially impair or
21  impede their ability to protect their interests;

22  3)  In the context of wage litigation because as a practical matter a
23  substantial number of individual class members will avoid
24  asserting their legal rights out of fear of retaliation by
25  DEFENDANT, which may adversely affect an individual's job
26  with DEFENDANT or with a subsequent employer, the Class
27  Action is the only means to assert their claims through a
28  representative; and,

4)    A Class Action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

36.    This Court should permit this Action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), because:

(a)    The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual members because DEFENDANT's employment practices were uniform and systematically applied with respect to the CALIFORNIA CLASS;

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual Class members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)    The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)    PLAINTIFF, and the other CALIFORNIA CLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the injuries which DEFENDANT's actions have inflicted upon the

CALIFORNIA CLASS;

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)     DEFENDANT had acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)     The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT.  The CALIFORNIA CLASS consists of all DEFENDANT's Field Managers employed in California during the CALIFORNIA CLASS PERIOD; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

37.     DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's corporate policy, practices and procedures as herein alleged.  PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

### THE CALIFORNIA LABOR SUB-CLASS

38.     PLAINTIFF further brings the Second and Third Causes of Action on behalf of a sub-class which consists of all members of the CALIFORNIA CLASS who were employed by DEFENDANT during the period beginning on the date three (3) years prior to the filing of the action and ending on the date as determined by the Court (the

"CALIFORNIA LABOR SUB-CLASS PERIOD"), who performed work in excess of eight (8) hours in one day and/or forty (40) hours in one week and/or hours on the seventh (7th) consecutive day of a workweek and did not receive overtime compensation (the "CALIFORNIA LABOR SUB-CLASS") pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

39.     DEFENDANT, as a matter of corporate policy, practice and procedure, and in violation of the applicable California Labor Code ("Labor Code"), and Industrial Welfare Commission ("IWC") Wage Order Requirements intentionally, knowingly, wilfully, and systematically misclassified the PLAINTIFF and the other members of the CALIFORNIA CLASS and the CALIFORNIA LABOR SUB-CLASS as exempt from overtime wages and other labor laws based on DEFENDANT's comprehensive policies and procedures in order to avoid the payment of overtime wages by misclassifying their positions as exempt from overtime wages and other labor laws.  To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CLASS PERIOD should be adjusted accordingly.

40.     DEFENDANT has intentionally and deliberately created a multi-tiered management structure with at least seven levels.  PLAINTIFF and the other Field Managers are at the bottom of the pyramid, acting as low-level functionaries whose primary job duty is relaying information back and forth between the technicians and management.  The job levels and job titles such as "First Level Manager," "Level One Manager," and "Field Manager" were distributed in order to create the superficial appearance of a number of unique jobs, when in fact, these jobs are substantially similar and can be easily grouped together for the purpose of determining whether they were all misclassified.  One of DEFENDANT's purposes in creating and maintaining this multi-level job classification scheme is to create an artificial barrier to discovery and class certification for all employees similarly misclassified as exempt.  DEFENDANT has uniformly misclassified these CALIFORNIA LABOR SUB-CLASS members as exempt and denied them overtime wages and other benefits to which non-exempt employees are entitled in order to unfairly cheat the competition and unlawfully profit.

41.     DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who as CALIFORNIA LABOR SUB-CLASS members have been systematically, intentionally and uniformly misclassified as exempt as a matter of DEFENDANT's corporate policy, practices and procedures. PLAINTIFF will seek leave to amend the Complaint to include these additional job titles when they have been identified.

42.     The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all members is impracticable.

43.     Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

    (a)     Whether DEFENDANT unlawfully failed to pay overtime compensation to members of the CALIFORNIA LABOR SUB-CLASS in violation of the California Labor Code and California regulations and the applicable California Wage Order;

    (b)     Whether the members of the CALIFORNIA LABOR SUB-CLASS are non-exempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of California law;

    (c)     Whether DEFENDANT's policy and practice of classifying the CALIFORNIA LABOR SUB-CLASS members as exempt from overtime compensation and failing to pay the CALIFORNIA LABOR SUB-CLASS members overtime violate applicable provisions of California law;

    (d)     Whether DEFENDANT unlawfully failed to keep and furnish CALIFORNIA LABOR SUB-CLASS members with accurate records of overtime hours worked;

    (e)     Whether DEFENDANT's policy and practice of failing to pay members of the CALIFORNIA LABOR SUB-CLASS all wages when due within the time required by law after their employment ended

violates California law; and,

(f)     The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS.

44.     DEFENDANT, as a matter of corporate policy, practice and procedure, erroneously classified all Field Managers as exempt from overtime wages and other labor laws.  All Field Managers, including the PLAINTIFF, performed the same primary functions and were paid by DEFENDANT according to uniform and systematic company procedures, which, as alleged herein above, failed to correctly pay overtime compensation. This business practice was uniformly applied to each and every member of the CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this conduct can be adjudicated on a class-wide basis.

45.     DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)     Violating Cal. Lab. Code §§ 510, *et seq*., by misclassifying and thereby failing to pay the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct overtime pay for a workday longer than eight (8) hours, a workweek longer than forty (40) hours, and/or all hours worked on the seventh (7th) consecutive day of a workweek for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

(b)     Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment; and,

(d)     Violating Cal. Lab. Code § 226, by failing to provide the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS who

1    were improperly classified as exempt with an accurate itemized

2    statement in writing showing the gross wages earned, the net wages

3    earned, all applicable hourly rates in effect during the pay period and

4    the corresponding number of hours worked at each hourly rate by the

5    employee.

6    46.    This Class Action meets the statutory prerequisites for the maintenance of a

7    Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

8    (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS

9    exceed are so numerous that the joinder of all such persons is

10    impracticable and the disposition of their claims as a class will benefit

11    the parties and the Court;

12    (b)    Nearly all factual, legal, statutory, and declaratory relief issues that are

13    raised in this Complaint are common to the CALIFORNIA LABOR

14    SUB-CLASS and will apply uniformly to every member of the

15    CALIFORNIA LABOR SUB-CLASS;

16    (c)    The claims of the representative PLAINTIFF are typical of the claims

17    of each member of the CALIFORNIA LABOR SUB-CLASS.

18    PLAINTIFF, like all the other members of the CALIFORNIA LABOR

19    SUB-CLASS, was improperly classified as exempt and denied

20    overtime pay as a result of DEFENDANT's systematic classification

21    practices.  PLAINTIFF and all the other members of the CALIFORNIA

22    LABOR SUB-CLASS sustained economic injuries arising from

23    DEFENDANT's violations of the laws of California; and,

24    (d)    The representative PLAINTIFF will fairly and adequately represent and

25    protect the interest of the CALIFORNIA LABOR SUB-CLASS, and

26    has retained counsel who are competent and experienced in Class

27    Action litigation.  There are no material conflicts between the claims of

28    the representative PLAINTIFF and the members of the CALIFORNIA

1   LABOR SUB-CLASS that would make class certification
2   inappropriate.  Counsel for the CALIFORNIA LABOR SUB-CLASS
3   will vigorously assert the claims of all Class Members.

4   47.   In addition to meeting the statutory prerequisites to a Class Action, this Action
5   is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3),
6   in that:

7   (a)   Without class certification and determination of declaratory, statutory
8   and other legal questions within the class format, prosecution of
9   separate actions by individual members of the CALIFORNIA LABOR
10   SUB-CLASS will create the risk of:

11   1)   Inconsistent or varying adjudications with respect to individual
12   members of the CALIFORNIA LABOR SUB-CLASS which
13   would establish incompatible standards of conduct for the
14   parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

15   2)   Adjudication with respect to individual members of the
16   CALIFORNIA LABOR SUB-CLASS which would as a
17   practical matter be dispositive of interests of the other members
18   not party to the adjudication or substantially impair or impede
19   their ability to protect their interests.

20   (b)   The parties opposing the CALIFORNIA LABOR SUB-CLASS have
21   acted or refused to act on grounds generally applicable to the
22   CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide
23   relief with respect to the CALIFORNIA LABOR SUB-CLASS as a
24   whole in that DEFENDANT uniformly classified and treated the Field
25   Managers as exempt and, thereafter, uniformly failed to take proper
26   steps to determine whether the Field Managers were properly classified
27   as exempt, and thereby denied these employees overtime wages as
28   required by law;

(c)     Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

     1)     The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS members when compared to the substantial expense and burden of individual prosecution of this litigation;

     2)     Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

          A.     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for DEFENDANT; and/or,

          B.     Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

     3)     In the context of wage litigation because a substantial number of individual class members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may

adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A Class Action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

48. This Court should permit this Action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), because:

(a) The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual members;

(b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual Class Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c) The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d) PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations

and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f)    There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g)    DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)    The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT.  The CALIFORNIA LABOR SUB-CLASS consists of those Field Managers who worked overtime hours and who were not paid overtime; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT.

### JURISDICTION AND VENUE

49.    This Court has jurisdiction over the PLAINTIFF's federal claims pursuant to 28 U.S.C.§1331 and supplemental jurisdiction of the PLAINTIFF's state law claims pursuant to 28 U.S.C. § 1367.

50.    Further, with respect to the state law class claims, these state law class claims are brought as a Class Action pursuant to Fed. R. Civ. Proc, Rule 23 on behalf of a class that exceeds 100 persons, that involves more than $5,000,000 in controversy, and where the citizenship of at least one member of the class is diverse from that of DEFENDANT.  As a result, this Court also has original jurisdiction over the state law class claims under 28 U.S.C. § 1332 (CAFA Jurisdiction).

51.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because: (i) DEFENDANT is subject to personal jurisdiction in this District and therefore resides in this District; (ii) DEFENDANT maintains offices or facilities in this District; and, (iii) DEFENDANT committed the wrongful conduct against members of the CALIFORNIA CLASS in this District.

<div align="center">

**FIRST CAUSE OF ACTION**

**For Unlawful Business Practices**

**[Cal. Bus. And Prof. Code § 17200 *et seq.*]**

**(By PLAINTIFF and the CALIFORNIA CLASS and against All Defendants)**

</div>

52.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 51 of this Complaint.

53.     DEFENDANT is a "persons" as that term is defined under Cal. Bus. and Prof. Code § 17021.

54.     California Business & Professions Code § 17200 *et seq*. (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

55.     By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California and Federal law, including but not limited to provisions of the Wage Orders, the California Labor Code, the regulations of the Department of Labor, the opinions of the Department of Labor Standards Enforcement, the

FLSA, and the Code of Federal Regulations, for which this Court should issue declaratory, and other equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, as may be necessary to prevent and remedy the conduct held to constitute unfair competition.

56.     Throughout the CLASS PERIOD, it was also DEFENDANT's uniform policy and practice to not provide all legally required meal and rest breaks to the PLAINTIFF and the Class Members.  DEFENDANT's uniform practice requires the PLAINTIFF and the Class Members to work continuously throughout the workday without being supplied all meal and/or rest periods in accordance with the number of hours they worked.  At all relevant times during the CLASS PERIOD, DEFENDANT failed to provide any compensated work time for failing to provide such breaks to the PLAINTIFF and the Class Members.

57.     Therefore, the PLAINTIFF demands on behalf of himself and on behalf of each member of the CLASS, one (1) hour of pay for each workday in which a meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second meal period was not timely provided for each ten (10) hours of work.

58.     PLAINTIFF further demands on behalf of himself and on behalf of each member of the CLASS, one (1) hour of pay for each workday in which a rest period was not timely provided as required by law.

59.     By and through the unfair and unlawful business practices described herein above, DEFENDANT has obtained valuable property, money, and services from the PLAINTIFF, and the other members of the CALIFORNIA CLASS, and has deprived them of valuable rights and benefits guaranteed by law, all to their detriment and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete.  Declaratory and equitable relief is necessary to prevent and remedy this unfair competition.

60.     All the acts described herein as violations of, among other things, the California Labor Code, California Code of Regulations, the Industrial Welfare Commission Wage Orders, the FLSA, the Code of Federal Regulations, and the related opinions of the

1 Department of Labor, are unlawful, are in violation of public policy, are immoral, unethical,

2 oppressive, and unscrupulous, and are likely to deceive employees, as herein alleged, and

3 thereby constitute deceptive, unfair and unlawful business practices in violation of Cal. Bus.

4 and Prof. Code § 17200 *et seq*.

5       61.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, are further

6 entitled to, and do, seek a declaration that the above described business practices are

7 deceptive unfair and/or unlawful.

8       62.    The practices herein alleged presently continue to occur unabated.  As a result

9 of the unfair and unlawful business practices described above, the PLAINTIFF, and the

10 other members of the CALIFORNIA CLASS, have suffered legal and economic harm.

11

12                       **SECOND CAUSE OF ACTION**

13                **For Failure To Pay Overtime Compensation**

14        **[Cal. Lab. Code §§ 510, 515.5, 551, 552, 1194 and 1198]**

15      **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS)**

16       63.    PLAINTIFF, and the other members of the CALIFORNIA LABOR

17 SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein,

18 paragraphs 1 through 62 of this Complaint.

19       64.    Cal. Lab. Code § 510 states in relevant part:

20         Eight hours of labor constitutes a day's work. Any work in excess of eight
        hours in one workday and any work in excess of 40 hours in any one
21         workweek and the first eight hours worked on the seventh day of work in any
        one workweek shall be compensated at the rate of no less than one and one-
22         half times the regular rate of pay for an employee. Any work in excess of 12
        hours in one day shall be compensated at the rate of no less than twice the
23         regular rate of pay for an employee. In addition, any work in excess of eight
        hours on any seventh day of a workweek shall be compensated at the rate of
24         no less than twice the regular rate of pay of an employee.

25       65.    Cal. Lab. Code § 551 states that, "Every person employed in any occupation

26 of labor is entitled to one day's rest therefrom in seven."

27       66.    Cal. Lab. Code § 552 states that, "No employer of labor shall cause his

28 employees to work more than six days in seven."

67.     Cal. Lab. Code § 515(d) provides:  "For the purpose of computing the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly salary."

68.     Cal. Lab. Code § 1194 states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

69.     Cal. Lab. Code § 1198 provides:  "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

70.     In addition, Labor Code Section 558 provides:

> (a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:
> (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
> (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
> (3) Wages recovered pursuant to this section shall be paid to the affected employee.
> (b) If upon inspection or investigation the Labor Commissioner determines that a person had paid or caused to be paid a wage for overtime work in violation of any provision of this chapter, or any provision regulating hours and days of work in any order of the Industrial Welfare Commission, the Labor Commissioner may issue a citation. The procedures for issuing, contesting, and enforcing judgments for citations or civil penalties issued by the Labor Commissioner for a violation of this chapter shall be the same as those set out in Section 1197.1.
> (c) The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

71.     DEFENDANT has intentionally and uniformly designated certain employees as "exempt" employees, by their job title and without regard to DEFENDANT's realistic

1  expectations and actual overall requirements of the job, including the PLAINTIFF and the
2  other members of the CALIFORNIA LABOR SUB-CLASS who worked on the production
3  side of DEFENDANT's business.  This was done in an illegal attempt to avoid payment of
4  overtime wages and other benefits in violation of the Cal. Lab. Code and Industrial Welfare
5  Commission requirements.

6       72.    For an employee to be exempt as a bona fide "executive," all the following
7  criteria must be met and DEFENDANT has the burden of proving that:

8      (a)    The employee's primary duty must be management of the enterprise, or of a
9          customarily recognized department or subdivision; and,

10      (b)    The employee must customarily and regularly direct the work of at least two
11          (2) or more other employees; and,

12      (c)    The employee must have the authority to hire and fire, or to command
13          particularly serious attention to his or her recommendations on such actions
14          affecting other employees; and,

15      (d)    The employee must customarily and regularly exercise discretion and
16          independent judgment; and,

17      (e)    The employee must be primarily engaged in duties which meet the test of
18          exemption.

19  No member of the CALIFORNIA LABOR SUB-CLASS was or is an executive because
20  they all fail to meet the requirements of being an "executive" within the meaning of the
21  applicable Wage Order.

22       73.    For an employee to be exempt as a bona fide "administrator," all of the
23  following criteria must be met and DEFENDANT has the burden of proving that:

24      (a)    The employee must perform office or non-manual work directly related to
25          management policies or general business operation of the employer; and,

26      (b)    The employee must customarily and regularly exercise discretion and
27          independent judgment; and,

28      (c)    The employee must regularly and directly assist a proprietor or an exempt

administrator; or,

(d)     The employee must perform, under only general supervision, work requiring special training, experience, or knowledge, or,

(e)     The employee must execute special assignments and tasks under only general supervision; and,

(f)     The employee must be primarily engaged in duties which meet the test of exemption.

No member of the CALIFORNIA LABOR SUB-CLASS was or is an administrator because they all fail to meet the requirements for being an "administrator" under the applicable Wage Order.

74.     The Industrial Welfare Commission, in Wage Order 4-2001, at section (1)(A)(3)(h), and Labor Code § 515 also set forth the requirements which must be complied with to place an employee in the "professional" exempt category.  For an employee to be exempt as a bona fide "professional," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee is primarily engaged in an occupation commonly recognized as a learned or artistic profession.  For the purposes of this subsection, "learned or artistic profession" means an employee who is primarily engaged in the performance of:

1)     Work requiring knowledge of an advanced type in a field or science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes, or work that is an essential part or necessarily incident to any of the above work; or,

2)     Work that is original and creative in character in a recognized field of artistic endeavor, and the result of which depends primarily on the

invention, imagination or talent of the employee or work that is an essential part of or incident to any of the above work; and,

3)   Whose work is predominately intellectual and varied in character (as opposed to routine mental, manual, mechanical, or physical work) and is of such character cannot be standardized in relation to a given period of time.

(b)   The employee must customarily and regularly exercise discretion and independent judgment; and,

(c)   The employee earns a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment.

No member of the CALIFORNIA LABOR SUB-CLASS was or is a professional because they all fail to meet the requirements of being a "professional" within the meaning of the applicable Wage Order.

75.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, do not fit the definition of an exempt executive, administrative, or professional employee because:

(a)   They did not work as executives or administrators; and,

(b)   The professional exemption does not apply to the PLAINTIFF, nor to the other members of the CALIFORNIA LABOR SUB-CLASS because they did not meet all the applicable requirements to work under the professional exemption for the reasons set forth above in this Complaint.

76.   During the CLASS PERIOD, the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, worked more than eight (8) hours in a workday, forty (40) hours in a workweek, and/or worked on the seventh (7th) consecutive day of a workweek.

77.   At all relevant times, DEFENDANT failed to pay the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198, even though the PLAINTIFF, and the other members of

1  the CALIFORNIA LABOR SUB-CLASS, were regularly required to work, and did in fact

2  work, overtime hours.

3      78.   By virtue of DEFENDANT's unlawful failure to pay additional compensation

4  to the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, for

5  their overtime hours, the PLAINTIFF, and the other members of the CALIFORNIA

6  LABOR SUB-CLASS, have suffered, and will continue to suffer, an economic injury in

7  amounts which are presently unknown to them and which will be ascertained according to

8  proof at trial.

9      79.   DEFENDANT knew or should have known that the PLAINTIFF, and the

10  other members of the CALIFORNIA LABOR SUB-CLASS, were misclassified as exempt

11  and DEFENDANT systematically elected, either through intentional malfeasance or gross

12  nonfeasance, not to pay them for their overtime labor as a matter of uniform corporate

13  policy, practice and procedure.

14      80.   Therefore, the PLAINTIFF, and the other members of the CALIFORNIA

15  LABOR SUB-CLASS, request recovery of overtime compensation according to proof,

16  interest, costs, as well as the assessment of any statutory penalties against DEFENDANT, in

17  a sum as provided by the Cal. Lab. Code and/or other statutes.  To the extent overtime

18  compensation is determined to be owed to members of the CALIFORNIA LABOR SUB-

19  CLASS who have terminated their employment, these employees would also be entitled to

20  waiting time penalties under Labor Code § 203, which penalties are sought herein.  Further,

21  the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, are

22  entitled to seek and recover statutory costs.

23      81.   In performing the acts and practices herein alleged in violation of labor laws

24  and refusing to provide the requisite overtime compensation, DEFENDANT acted and

25  continues to act intentionally, oppressively, and maliciously toward the PLAINTIFF, and

26  toward the other members of the CALIFORNIA LABOR SUB-CLASS, with a conscious

27  and utter disregard of their legal rights, or the consequences to them, and with the despicable

28  intent of depriving them of their property and legal rights and otherwise causing them injury

1  in order to increase corporate profits at the expense of the PLAINTIFF and the members of

2  the CALIFORNIA CLASS.

3  ### THIRD CAUSE OF ACTION

4  **For Failure to Provide Accurate Itemized Statements**

5  **[Cal. Lab. Code § 226]**

6  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS)**

7       82.     PLAINTIFF, and the other members of the CALIFORNIA LABOR

8  SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein,

9  paragraphs 1 through 81 of this Complaint.

10      83.     Cal. Labor Code § 226 provides that an employer must furnish employees

11  with an  "accurate itemized" statement in writing showing:

12       (1) gross wages earned,
       (2) total hours worked by the employee, except for any employee whose
13       compensation is solely based on a salary and who is exempt from payment of
       overtime under subdivision (a) of Section 515 or any applicable order of the
14       Industrial Welfare Commission,
       (3) the number of piecerate units earned and any applicable piece rate if the employee
15       is paid on a piece-rate basis,
       (4) all deductions, provided that all deductions made on written orders of the
16       employee may be aggregated and shown as one item,
       (5) net wages earned,
17       (6) the inclusive dates of the period for which the employee is paid,
       (7) the name of the employee and his or her social security number, except that by
18       January 1, 2008, only the last four digits of his or her social security number or an
       employee identification number other than a social security number may be shown on
19       the itemized statement,
       (8) the name and address of the legal entity that is the employer, and
20       (9) all applicable hourly rates in effect during the pay period and the corresponding
       number of hours worked at each hourly rate by the employee.

21      84.     At all times relevant herein, DEFENDANT violated Labor Code § 226,

22  in that DEFENDANT failed to provide an accurate wage statement in writing that properly

23  and accurately itemized the number of hours worked by the PLAINTIFF, and the other

24  members of the CALIFORNIA LABOR SUB-CLASS at the effective regular rates of pay

25  and the effective overtime rates of pay.

26      85.     DEFENDANT knowingly and intentionally failed to comply with Labor Code

27  

28  § 226, causing damages to the PLAINTIFF, and the other members of the CALIFORNIA

1   LABOR SUB-CLASS.  These damages include, but are not limited to, costs expended

2   calculating the true hours worked and the amount of employment taxes which were not

3   properly paid to state and federal tax authorities.  These damages are difficult to estimate.

4   Therefore, the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

5   CLASS may elect to recover liquidated damages of $50.00 for the initial pay period in

6   which the violation occurred, and $100.00 for each violation in subsequent pay period

7   pursuant to Labor Code § 226, in an amount according to proof at the time of trial (but in no

8   event more than $4,000.00 for the PLAINTIFF and each respective member of the

9   CALIFORNIA LABOR SUB-CLASS herein).

10

11   **FOURTH CAUSE OF ACTION**

12   **Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA")**

13   **(By PLAINTIFF and the COLLECTIVE CLASS against DEFENDANT)**

14   86.     PLAINTIFF, and the other members of the COLLECTIVE CLASS, reallege and

15   incorporate by this reference, as though fully set forth herein, paragraphs 1 through 85 of this

16   Complaint.

17   87.     DEFENDANT is engaged in communication, business, and transmission between

18   the states, and is, therefore, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

19   88.     The PLAINTIFF further brings the Fourth Cause of Action on behalf of a

20   COLLECTIVE CLASS in accordance with 29 U.S.C. §216 which consists of all Field

21   Managers employed in California by DEFENDANT during the period three (3) years prior to

22   the filing of the Complaint and ending on the date as determined by the Court, and who

23   performed work in excess of forty (40) hours in one week (the "COLLECTIVE CLASS").

24   89.     29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful

25   violations of the FLSA.

26   90.     29 U.S.C. § 207(a)(1) provides in pertinent part:

27
        Except as otherwise provided in this section, no employer shall employ any of his
28      employees who in any workweek is engaged in commerce or in the production
        of goods for commerce, or is employed in an enterprise engaged in commerce or
        in the production of goods for commerce, for a workweek longer than forty hours

unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

91.   Section 213(a)(1) of the FLSA provides that the overtime pay requirement does not apply to:

> any employee employed in a bona fide executive, administrative, or professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools), or in the capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of the Administrative Procedure Act [5 USCS §§ 551 et seq.] except [that] an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of executive or administrative activities, if less than 40 per centum of his hours worked in the workweek are devoted to such activities).

92.   DEFENDANT has willfully engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed above, by uniformly designating certain employees as "exempt" employees, by their job title and without regard to DEFENDANT's realistic expectations and actual overall requirements of the job, including the PLAINTIFF and the other members of the COLLECTIVE CLASS who worked on the production side of DEFENDANT's business enterprise.  This was done in an illegal attempt to avoid payment of overtime wages and other benefits in violation of the FLSA and Code of Federal Regulations requirements.

93.   Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., the PLAINTIFF and the other members of the COLLECTIVE CLASS are entitled to overtime compensation for all overtime hours actually worked, at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek.  DEFENDANT's failure to pay overtime wages as required by federal law was willful and not in good faith.

94.   29 C.F.R. 541.2 establishes that a job title alone is insufficient to establish the exempt status of an employee.  The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part.

95. The exemptions of the FLSA as listed in section 13(a), and as explained by 29 C.F.R. 541.3, do not apply to the PLAINTIFF and the other members of the COLLECTIVE CLASS, because their work consists of non-management, production line labor performed with skills and knowledge acquired from on-the-job training, rather than from the prolonged course of specialized intellectual instruction required for exempt learned professional employees such as medical doctors, architects and archeologists. Field Managers either do not hold an advanced degree, have not taken any prolonged course of specialization, and/or have attained the vast majority of the skills they use as employees of DEFENDANT from on-the-job training.

96. For an employee to be exempt as a bona fide "executive," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a) The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision;

(b) The employee must customarily and regularly direct the work of at least two (2) or more other employees;

(c) The employee must have the authority to hire and fire, or to command particularly serious attention to his or her recommendations on such actions affecting other employees; and,

(d) The employee must be primarily engaged in duties which meet the test of exemption.

No member of the COLLECTIVE CLASS was or is an executive because they all fail to meet the requirements of being an "executive " under section 13 of the FLSA and 29 C.F.R. 541.100. Moreover, none of the members of the COLLECTIVE CLASS managed the work of two or more other employees in a customarily recognized department or subdivision of the employer, and whose recommendations as to the hiring, firing, advancement, promotion or other change of status of the other employees were given particular weight and therefore, they do not qualify for the executive exemption.

97. For an employee to be exempt as a bona fide "administrator,"all of the following criteria must be met and DEFENDANT has the burden of proving that:

(a)    The employee must perform office or non-manual work directly related to management or general business operation of the employer or the employer's customers;

(b)    The employee must customarily and regularly exercise discretion and independent

judgment with respect to matters of significance; and,

(c)    The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(d)    The employee must perform under only general supervision, work requiring special training, experience, or knowledge; and,

(e)    The employee must be primarily engaged in duties which meet the test of exemption.

No member of the COLLECTIVE CLASS was or is an administrator because they all fail to meet the requirements of for being an "administrator" under section 13(a) of the FLSA and 29 C.F.R. 541.300.

98.    For an employee to be exempt as a bona fide "professional", DEFENDANT has the burden of proving that the primary duty of the employee is the performance of work that:

(a)    Requires knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction; or

(b)    Requires invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

No member of the COLLECTIVE CLASS was or is a professional because they all fail to meet the requirements of being an "professional" within the meaning of 29 CFR 541.300. Further, the PLAINTIFF and the other Field Managers operated under intense scrutiny from management and are strictly dictated by written guidelines and standardized procedures.

99.    During the COLLECTIVE CLASS PERIOD, the PLAINTIFF, and other members of the COLLECTIVE CLASS, worked more than forty (40) hours in a workweek.

100.   At all relevant times, DEFENDANT failed to pay the PLAINTIFF, and other members of the COLLECTIVE CLASS, overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by section 207 of the FLSA, even though the PLAINTIFF, and the other members of the COLLECTIVE CLASS, were regularly required to work, and did in fact work, overtime hours.

101.   For purposes of the Fair Labor Standards Act, the employment practices of DEFENDANT were and are uniform throughout the United States in all respects material to the claims asserted in this Complaint.

102.   There are no other exemptions applicable to the PLAINTIFF and/or to members of the COLLECTIVE CLASS.

103.   As a result of DEFENDANT's failure to pay overtime compensation for overtime hours worked, as required by the FLSA, the PLAINTIFF and the members of the COLLECTIVE CLASS were damaged in an amount to be proved at trial.

104.   Therefore, the PLAINTIFF demands that he and the members of the COLLECTIVE CLASS be paid overtime compensation as required by the FLSA for every hour of overtime worked in any workweek for which they were not compensated, plus interest and statutory costs as provided by law.

### **PRAYER**

WHEREFOR, the PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.   On behalf of the CALIFORNIA CLASS:

A)   That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

B)   An order requiring DEFENDANT to correctly calculate and pay all wages and all sums unlawfuly withheld from compensation due to the PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

C)   Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid

1    fund for restitution of the sums incidental to DEFENDANT's violations due to
2    the PLAINTIFF and to the other members of the CALIFORNIA CLASS
3    according to proof.

4    D)   An order temporarily, preliminarily, and permanently enjoining and
5         restraining DEFENDANT from engaging in similar unlawful conduct as set
6         forth herein.

7    2.   On behalf of the CALIFORNIA LABOR SUB-CLASS:

8    A)   That the Court certify the Second and Third Causes of Action asserted by the
9         CALIFORNIA LABOR SUB-CLASS as a Class Action pursuant to Fed. R.
10        Civ. Proc. 23(b)(2) and/or (3);

11   B)   Compensatory damages, according to proof at trial, including compensatory
12        damages for overtime compensation due to the PLAINTIFF and the other
13        members of the CALIFORNIA LABOR SUB-CLASS, during the applicable
14        CALIFORNIA CLASS PERIODS plus interest thereon at the statutory rate;

15   C)   The wages of all terminated employees from the CALIFORNIA LABOR
16        SUB-CLASS as a penalty from the due date thereof at the same rate until paid
17        or until an action therefore is commenced, in accordance with Cal. Lab. Code
18        § 203; and,

19   D)   The greater of all actual damages or fifty dollars ($50) for the initial pay
20        period in which a violation occurs and one hundred dollars ($100) per each
21        member of the CALIFORNIA LABOR SUB-CLASS for each violation in a
22        subsequent pay period, not exceeding an aggregate penalty of four thousand
23        dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226.

24   3.   On behalf of the COLLECTIVE CLASS:

25   A)   That the Court certify the Fourth Cause of Action asserted by the
26        COLLECTIVE CLASS as an opt-in Class Action under 29 U.S.C. § 216(b);

27   B)   Issue a declaratory finding that DEFENDANT's acts, policies, practices and
28        procedures complained of herein violated provisions of the Fair Labor

1    Standards Act; and,

2    C)    That the PLAINTIFF and the other members of the COLLECTIVE CLASS

3          recover compensatory damages and an equal amount of liquidated damages as

4          provided under the law and in 29 U.S.C. § 216(b).

5  4.    On all claims:

6    A)    An award of interest, including prejudgment interest at the legal rate;

7    B)    An award of penalties and cost of suit, as allowable under the law.  Neither

8          this prayer nor any other allegation or prayer in this Complaint is to be

9          construed as a request, under any circumstance, that would result in a request

10          for attorneys' fees or costs available under Cal. Lab. Code § 218.5; and,

11    C)    Such other and further relief as the Court deems just and equitable.

12
    Dated:   January 14, 2011              BLUMENTHAL, NORDREHAUG & BHOWMIK
13

14                                  By:   /s/ Norman B. Blumenthal
                                          Norman B. Blumenthal
15                                        Attorneys for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

1
## **DEMAND FOR JURY TRIAL**

2
PLAINTIFF demands a jury trial on issues triable to a jury.

3

4
Dated:   January 14, 2011          BLUMENTHAL, NORDREHAUG & BHOWMIK

5
                                   By:___*/s/ Norman B. Blumenthal*_____

6
                                        Norman B. Blumenthal
                                        Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28